UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>        Debtor.<br>_____<br><br>DANE S. FIELD,<br><br>        Plaintiff,<br><br>   vs.<br><br>TEO MEDRIANO ANGEL,<br><br>        Defendant. | Case No.: 10-03454<br>(Chapter 7)<br><br><br><br><br><br>Adv. Pro. No.: 12-90036<br><br><br><br><br>Re: Docket No. 12 |

## MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR DEFAULT JUDGMENT

On March 30, 2006, the defendant, Teo Medriano Angel, obtained a loan in the amount of $340,000 from The Mortgage Store, Inc. ("TMS") for the purchase of real property located at 440 Mikioi Place, Kihei, Maui. Mr. Angel signed a promissory note and mortgage to evidence and secure the loan. The mortgage was recorded on April 7, 2006. The note required monthly interest only payments at twelve percent per annum with the full balance due on April 1, 2008. Mr. Angel

made the interest payments, but did not make the balloon payment when it became due. Mr. Angel made his last payment on December 22, 2008.

TMS commenced a chapter 7 bankruptcy case on November 12, 2010, and Dane S. Field was appointed trustee. The trustee commenced this adversary proceeding on March 21, 2012, seeking judgment for monies owed to TMS. <u>See</u> dkt. no. 1.

Mr. Angel did not file an answer to the complaint, but did appear at a scheduling conference on May 18, 2012. A trial date was set for May 13, 2013.

On July 19, 2012, the trustee filed a motion (dkt. no. 12) for default judgment or, in the alternative, summary judgment. The trustee gave proper notice of the motion. Mr. Angel did not file an opposition but, on the eve of the hearing, he requested a sixty day continuance, stating that he could not personally attend the hearing because he was ill. At the hearing on the motion, I allowed Mr. Angel an additional two weeks to file a written response to the motion. Mr. Angel did so on September 28, 2012. Dkt. no. 25.

Although Mr. Angel did not answer the complaint, I will treat the motion as one for summary judgment rather than default judgment because he appeared at the scheduling conference and a trial date was set. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

2

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), Fed. R. Bankr. P. 7056; see also Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In deciding a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). In making this determination, the court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in favor of the nonmoving party. McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

The trustee has met his burden for summary judgment. The trustee provides admissible evidence in the form of copies of the note and the mortgage signed by Mr. Angel and an accounting of payments made toward the note and amounts currently owed. See dkt. no. 13.

In his written response, Mr. Angel makes five points.

First, he renews his request for a continuance so he can prepare additional evidence. He does not explain what evidence he is attempting to gather or why he has not been able to obtain it already. In the absence of this explanation, there is no reason for a further continuance.

Second, he says he "is a victim of [TMS'] predatory lending practices." He

does not describe these practices or explain why such practices would excuse him from his legal obligation to repay the loan.

Third, he claims that TMS "clearly fabricated" the note and never gave him an executed copy of it. He does not deny signing a note or the mortgage and does not deny obtaining the loan. The copy of the note offered by the trustee appears to be genuine and Mr. Angel gives no reason to believe that the note is not what it appears to be. He does not explain why TMS' failure to deliver a signed copy of the note would relieve him of the obligation to repay the loan.

Fourth, he says he did not agree to a twelve percent interest rate. The note, which appears to be genuine, provides for that rate, and Mr. Angel made the monthly interest only payments, computed at that rate, for over two years. His statement is unsupported and implausible.

There are no genuine issues of fact, and the trustee is entitled to judgment against the defendant for the monies owed under the promissory note.

* * *

The plaintiff trustee's motion for summary judgment is granted. The trustee shall submit a proposed judgment, including the requested amounts of attorneys' fees and costs.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **10/19/2012**

U.S. Bankruptcy Court - Hawaii   #12-90036   Dkt # 26   Filed 10/19/12   Page 4 of 4